## Griswold Worsted Co., Appellant, *v.* Harrigan.

*Equity—Injunction—Real estate—Interference with easement—
Necessity to show good title.*

A court of equity will not enjoin a property owner from building on his own property, in a manner which may extinguish an easement, claimed by an adjoining property owner, where the plaintiff fails to show a clear right to such easement.

Argued November 17, 1919.  Appeal, No. 4, Oct. T., 1919, from decree of C. P. Delaware County, March T., 1914, No. 411, sitting in equity, dismissing bill in equity in the case of Griswold Worsted Company *v.* John W. Harrigan.  Before Orlady, P. J., Porter, Henderson, Head, Trexler, Keller and Linn, JJ.  Affirmed.

Bill in equity for an injunction.  Before Broomall, J.
The opinion of the Superior Court states the case.
The court dismissed the bill.  Plaintiff appealed.

*Errors assigned* were in dismissing exceptions to various findings of fact and conclusions of law, and the decree of the court.

*Lewis Lawrence Smith,* and with him *Horace Stern,* for appellant, cited: Brown v. McCormick, 6 Watts 60; Smilie's Est., 22 Pa. 130; Logan v. Neill, 128 Pa. 457; Chew v. Barnet, 11 S. & R. 389; Root v. Crock, 7 Pa. 378; McWilliams v. Nisly, 2 S. & R. 507.

224, (1921).] Opinion of the Court.
*E. Wallace Chadwick,* for appellee.

OPINION BY HEAD, J., April 18, 1921:

The plaintiff filed a bill in the court below seeking a decree from a chancellor restraining the defendant from erecting a building upon land, the title to which, in fee, was admittedly in the defendant. The grounds upon which the chancellor was asked to intervene with a strong arm, to restrain the defendant from the exercise of a universally recognized incident of the right of property, were that sometime within the last two hundred years the plaintiff's predecessors in title had acquired an easement—incidental to a mill race—the right to enjoy which would be interfered with or destroyed if the defendant should be permitted to erect the building contemplated upon his own property. A responsive answer to the bill was filed and a lengthy hearing had, which developed evidence interesting, if from no other point of view than because of the antiquity of the alleged rights with which it dealt. After all of the evidence, which could possibly be gleaned by the most astute and industrious of counsel, had been presented by the learned counsel for the appellant, the court below felt compelled to dismiss the bill because the evidence had failed to disclose any such clear right of property in the complainant as would warrant the interference of a chancellor. His honor, Judge BROOMALL, in a lengthy opinion, went into a detailed consideration of the only two possible grounds upon which the claimant in the bill could rest his right to interfere with the defendant's enjoyment of what would ordinarily be an incident to his ownership of the soil. It appears to us the learned judge went a good deal farther than would have been necessary to show that at the best, the plaintiff had but a doubtful title to the easement he claimed and therefore could not successfully invoke the aid of a court of equity to protect him. Having as we think pretty clearly shown the plaintiff could find no warrant in a grant

for the easement he asserted, the learned judge below then examined with equal industry and care his alternative claim to such a right by prescription. On this branch of the case it is our judgment the complainant failed just as signally as on the other branch, where he rested his claim upon an alleged grant.

We are not to be understood as even attempting to determine in advance what might be the rights of the complainant, if any he had, if he should choose to assert them in an action at law. We do mean to declare that in our judgment he has failed to show any such clear title to the property right he claims as to warrant a court of equity to interfere by injunction to protect it to the detriment of what would otherwise be a natural right in the owner of the soil.

The assignments of error are dismissed. Decree affirmed. Appellant for costs.